IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEXANDER PORTILLO, | § § § | |
| *Plaintiff,* | § § § | SA-19-CV-01351-JKP |
| vs. | § § | |
| WARAICH TRUCKING, INC., ALBERT VISIO, | § § § § | |
| *Defendants.* | § § | |

**ORDER**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Substitute Service [#10]. By his motion, Plaintiff asks the Court to permit him to serve Defendant Albert Visio by alternative service pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. According to Plaintiff's motion, he has attempted to serve Visio on numerous occasions by personal delivery but has been unsuccessful. Plaintiff asks for permission to serve Visio by leaving a true copy of the Summons and Plaintiff's state-court Petition with anyone over the age of 16 years at Visio's last known address, by taping it to his door, or by any other means that would give Defendant reasonable notice as set out in Rule 4(e). Attached to Plaintiff's motion is the Declaration of Jim Runkle regarding his efforts as a process server to locate and serve Visio. Runkle states that he made attempts at service on Visio's place of residence on January 26, 27, and 29 and February 3 and 4, 2020. At all times, there was no answer at the door and no cars present, but at times the porch light was on and at times the porch light was off. Runkle states that he believes if the Summons and Petition are posted to the dwelling, it will come to the hand of Visio.

1

Although Plaintiff does not explicitly ask for an extension of time to serve Visio, the Court construes his motion as moving for an extension of time to effectuate service as well as a motion for substitute service, as the Court previously ordered proof of service on or before February 18, 2020.

Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106 provides:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). Accordingly, if a plaintiff's attempts to serve a defendant in person are unsuccessful, a court may authorize substitute service upon receipt of an affidavit satisfying Rule 106(b). *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

Although the affidavit attached to Plaintiff's motion details the attempts at personal service, it does not include any facts assuring the Court that the address visited was in fact Visio's "usual place of business or place of abode or other place where [he] can be found," which the law requires. *See* Tex. R. Civ. P. 106(b). The affidavit merely states that service was attempted on Visio at 15465 Mallory Drive, Fontana, CA 92335. Plaintiff's motion states that

2

this is Visio's last known address, but without more evidence to that effect the Court cannot be assured that Plaintiff's proposed method of substitute service will be effective to give Visio notice of this lawsuit. *See Cunningham v. Nationwide Sec. Sols., Inc.*, No. 3:17-CV-337-S-BN, 2018 WL 5722670, at *4 (N.D. Tex. June 29, 2018) (similarly denying motion for substitute service where affidavit lacked evidence that defendant resided at the address in question or could reasonably be found there). The Court will therefore grant in part and deny in part the motion by extending the deadline for service on Visio but ordering Plaintiff to file an amended motion and affidavit in full compliance with Rule 106(b).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Substitute Service [#10] is **GRANTED IN PART AND DENIED IN PART** as follows:

- The deadline for Plaintiff to effectuate service on Defendant Albert Visio is extended until **March 12, 2020**.

- If Plaintiff desires to continue to pursue substitute service, Plaintiff is ordered to file an amended motion for substitute service with an amended affidavit or other evidence supporting the motion on or before **February 24, 2020**.

SIGNED this 12th day of February, 2020.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE