IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEXANDER PORTILLO, | § | |
| *Plaintiff*, | § | SA-19-CV-01351-JKP |
| vs. | § | |
| WARAICH TRUCKING, INC., ALBERT VISIO, | § | |
| *Defendants.* | § | |

**<u>ORDER</u>**

Before the Court in the above-styled cause of action is Plaintiff's Motion for Substitute Service [#13]. By his motion, Plaintiff again asks the Court to permit substitute service of Defendant Albert Visio pursuant to Rule 4(e) of the Federal Rules of Civil Procedure. Plaintiff previously filed such a motion, which the Court construed as both a motion for alternative service and to extend the time for service. The Court granted Plaintiff an extension but denied the request for alternative service without prejudice on the basis that the affidavit attached to Plaintiff's motion did not include any facts assuring the Court that the address visited by the process server on repeated occasions was in fact Visio's place of residence or other place where he could be found. The motion currently before the Court attaches an amended affidavit of due diligence by the process server, as well as the results of a "Skip Trace" search, which address the Court's previous concerns.

As recited in the Court's previous Order, Federal Rule of Civil Procedure 4(e)(1) provides that "an individual . . . may be served in a judicial district of the United States by . . . following state law for serving a summons in an action brought in courts of general jurisdiction

1

in the state where the district court is located." Fed. R. Civ. P. 4(e)(1). Texas Rule of Civil Procedure 106 provides:

> (b) Upon motion supported by affidavit stating the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stating specifically the facts showing that service has been attempted under either (a)(1) or (a)(2) at the location named in such affidavit but has not been successful, the court may authorize service
>
> (1) by leaving a true copy of the citation, with a copy of the petition attached, with anyone over sixteen years of age at the location specified in such affidavit, or
>
> (2) in any other manner that the affidavit or other evidence before the court shows will be reasonably effective to give the defendant notice of the suit.

Tex. R. Civ. P. 106(b). Accordingly, if a plaintiff's attempts to serve a defendant in person are unsuccessful, a court may authorize substitute service upon receipt of an affidavit satisfying Rule 106(b). *See State Farm Fire & Cas. Co. v. Costley*, 868 S.W.2d 298, 299 (Tex. 1993).

The amended affidavit before the Court and the "Skip Trace" report persuade the Court that 15465 Mallory Drive, Fontana, CA 92335 is Visio's "usual place of abode." (*See* Aff. [#13-1] and Skip Trace Records [#13-2].) The affidavit also states that service was attempted on Visio at this address on January 26, 27, 29, 2020 and February 3 and 4, 2020 to no avail. (Aff. [#13-1] at ¶ 4.) The Court will therefore grant Plaintiff's motion and order substitute service as requested such that Plaintiff may leave a true copy of the Summons, along with Plaintiff's Original Petition, with anyone over the age of 16 at the specified address, by taping the Summons and Petition on Visio's door, or by any other means that would give Visio reasonable notice of this lawsuit as permitted by Rule 106 of the Texas Rules of Civil Procedure and Rule 4(e) of the Federal Rules.

**IT IS THEREFORE ORDERED** that Plaintiff's [Second] Motion for Substitute Service [#13] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff is authorized to serve Defendant Albert Visio by leaving a true copy of the Summons and Plaintiff's Original Petition with Visio or with anyone over the age of 16 at the 15465 Mallory Drive, Fontana, CA 92335, by taping the Summons and Petition on the door at this address, or by any other means that would give Visio reasonable notice of this lawsuit.

**IT IS FINALLY ORDERED** that service must be completed by March 12, 2020, as previously ordered.

SIGNED this 20th day of February, 2020.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE