IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ALEXANDER PORTILLO, | § | |
| | § | |
| *Plaintiff,* | § | SA-19-CV-01351-JKP |
| | § | |
| vs. | § | |
| | § | |
| WARAICH TRUCKING, INC., ALBERT | § | |
| VISIO, | § | |
| | § | |
| *Defendants.* | § | |

## ORDER

Before the Court in the above-styled cause of action is Defendants' Motion to Quash Plaintiff's Subpoenas and Depositions by Written Questions [#39]. The District Court referred the motion to the undersigned on July 13, 2021, for disposition. For the reasons that follow, the Court will deny the motion and order the parties to confer on the scope of additional discovery needed in this case and to file a proposed discovery plan and new proposed scheduling order deadlines.

The record reflects that the District Court originally referred this case to the undersigned for pretrial case management on November 20, 2019 [#2]. After holding an initial pretrial conference, the undersigned entered a Scheduling Order on January 16, 2020, to govern the parties' exchange of discovery and all other pretrial matters [#6]. The Scheduling Order imposed a discovery deadline of November 15, 2020.

This and other Scheduling Order deadlines expired, and the parties did not request any extension of the discovery deadline or present the Court with an amended scheduling order for approval. Because all deadlines had expired, the undersigned set this case for a status conference on January 27, 2021, to determine whether the case was ready to be returned to the District Court

1

for a trial date or whether there were additional pretrial matters requiring the undersigned's intervention or assistance [#23]. At the status conference, the parties informed the Court that they were preparing for mediation on March 24, 2021, and that if the case did not settle in mediation, they planned to request new discovery and dispositive motions deadlines. The undersigned imposed a deadline of March 30, 2021, for the parties to file an advisory on the outcome of the mediation or an amended proposed scheduling order [#27].

The mediator filed a notice that the case did not settle in mediation on March 24, 2021 [#33]. The parties never filed proposed amended scheduling order deadlines or any other advisory to inform the Court that there were outstanding issues to resolve before trial, as ordered. On April 1, 2021, the undersigned ordered the parties to confer on whether the case was now ready to return to the District Court for trial and to file an advisory on or before April 9, 2021, on this issue [#34]. The parties did not file an advisory as ordered, and the undersigned returned this case to the District Court on May 3, 2021 [#36].

After the case was returned, the District Court ordered the parties to confer on whether they could agree on a bench trial and to file an advisory by June 3, 2021 [#37]. The parties did not file an advisory and have not yet been assigned a date for jury trial. Then, on July 7, 2021, Defendants filed the motion to quash that has been referred to the undersigned for disposition. Defendants' motion to quash asks the Court to quash subpoenas and depositions on written questions that Plaintiff served on several third parties on July 1, 2021. The Court will deny the motion.

The procedural history of this case reflects that, despite expressing a desire to conduct more discovery at the Court's January 2021 status conference and the Court's invitation to

submit new scheduling order deadlines, the parties failed to do so.  Thus, discovery expired in this case on November 15, 2020, and discovery is closed.

Rule CV-16(e) of the Western District of Texas's Local Rules provides that the parties may proceed with unopposed discovery after the deadline for discovery contained in a scheduling order, provided that such discovery does not delay other pretrial preparations or the trial setting.  The rule further states that "[a]bsent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 14 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery."  W.D. Tex. Loc. R. CV-7(e).  Defendants' motion was not filed within 14 days of the discovery deadline in this case and does not pertain to conduct occurring during the last seven days of discovery.  Therefore, the motion is untimely, and the Court will not intervene in the parties' discovery dispute.

The Court will, however, give the parties one additional opportunity to confer about the scope of any additional discovery needed in this case and to file a proposed discovery plan and amended scheduling order deadlines.  If the parties cannot agree on a new plan and deadlines, Plaintiff must withdraw his subpoenas to the third parties because they were served outside of the discovery period.  If the parties fail to present the Court with amended scheduling order deadlines and a discovery plan, there will be no further opportunities for approval of a new scheduling order or for court intervention in any pretrial disputes.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Quash Plaintiff's Subpoenas and Depositions by Written Questions [#39] is **DENIED**.

**IT IS FURTHER ORDERED** that the parties confer regarding a discovery plan and proposed amended scheduling order deadlines and file these items with the Court on or before **August 2, 2021**.

**IT IS SO ORDERED.**

SIGNED this 22nd day of July, 2021.

_____

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE